Mele Holelua *et al. v.* Keoni Kapu, k.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1882.

*Judd, C. J., McCully and Austin, J.J.*

MELE HOLELUA, MARIA APAI AND HER HUSBAND, AND KAILI-ULI *vs.* KEONI KAPU, K.

#### ON EXCEPTIONS.

A VERDICT SUSTAINED, having sufficient evidence to support it. The fact that the plaintiffs now claiming heirs of Kane, did not contest proceedings in probate in Kane's estate, not having been made parties, does not bind them.

A statement by one plaintiff that she was not a party to the suit nor was she aware of her relationship to Kane is not sufficient to set aside a verdict in her favor.

Opinion of the Court by JUDD, C. J.

This is an action of ejectment to recover one undivided half of certain parcels of land in the district of Honolulu, granted by Royal Patent No. 7167 to one Holelua.

The plaintiff Kailiuli claims to be the widow of Kane deceased, who was the brother of Holelua the patentee.

The plaintiffs Maria (Coffin) Apai and Mele Holelua, claim to be daughters of Hiapo, who they claim was the daughter of Kane by Kekoueha a former so-called "wife," whom he had before he took Pouli his wife by christian marriage.

The defendant contends that Nahina and not Kane was the father of Hiapo.

It admitted that Keoni Kapu was the son of Peinoa, a sister of patentee.

The jury found a verdict for the plaintiffs, and this is a motion to set aside the verdict as contrary to the evidence.

We have examined the evidence carefully and find them sufficient proof of the plaintiffs' claim to entitle them to a verdict. The fact that these grand-daughters of Kane, a brother of the patentee Holelua, did not contest the applica-

tion for letters of administration on the estate of Kane is not significant. They were young then, and perhaps ignorant of their rights, and they not having been made parties to the proceedings in the Probate Court are not bound by them.

The statement of Maria Apai that she was not a party to the suit, and was not aware of her relationship to Kane is rather surprising, but it went to the jury, and we do not think it sufficient ground upon which to set aside the verdict.

It was not claimed that this had the effect of a disclaimer. If, by parol, it was not valid.

See 10 Johnson, 366. Exceptions overruled.

J. M. Davidson for plaintiffs.

S. B. Dole for defendant.