McLANE v. BONN.

THRASHER ET AL. v. BONN ET AL.

McLANE ET AL. v. LEICHT.

1. **Intoxicating Liquors:** ABATEMENT OF NUISANCES: CHAPTER 66, LAWS OF 1886: APPLICATION OF TO PENDING SUITS: CONSTITUTIONALITY. Section 12, Laws of 1884, provides for the enjoining and abating of nuisances kept in violation of the prohibitory liquor law, but it does not expressly provide how the nuisances shall be abated. Chapter 66, Laws of 1886, expressly defines the method of such abatement, "by seizing and destroying the liquor therein," etc. *Held* that this method of abatement was properly adjudged to be employed in cases which were pending when the statute was enacted, but which were not finally determined until after that time;—the objection that the law thus becomes *ex post facto* in its operation, in violation of constitutional provisions, being of no force, since actions of this character are not criminal in their nature, and the acts done in abating nuisances of this character are not done in punishment of crimes.

2. **Pleading:** ANSWER: AFFIRMATIVE ALLEGATIONS MUST BE PROVED. Affirmative allegations in an answer are denied by operation of law, and, where no evidence is introduced to prove them, a court is not required to consider any question which depends on their truth.

3. **Intoxicating Liquors:** PROHIBITORY STATUTES: CONSTITUTIONALITY. The power of the state to prohibit the traffic in intoxicating liquors having been recognized by this court for many years, the power to enact whatever laws may be necessary to make the prohibition effectual follows necessarily.

*Appeals from Des Moines District Court.*

WEDNESDAY, DECEMBER 8, 1886.

THESE causes involve the same questions, and may be disposed of in a single opinion. They are actions for the abatement of nuisances which, it is charged in the petitions, were kept and maintained by defendants, and to enjoin defendants from maintaining the same. Temporary injunctions were issued restraining defendants, during the pendency of the actions, from maintaining the nuisances, which on the final hearing were made perpetual. The judgments also directed the seizure and destruction of the intoxicating liquors found in the buildings, and the vessels containing the same; (the proceedings being under the statute for the suppression of intemperance;) also the seizure and sale of the furniture and fixtures in the buildings, and the application of the proceeds of such sale, or so much thereof as should be necessary for that purpose, for the satisfaction of the costs of the actions and the abatement of the nuisances. They also provided for the closing of the buildings for the period of one year; and in each case an attorney's fee was taxed against the defendant as part of the costs of the action. Defendant appeals.

*P. Henry Smyth & Son,* for appellants.

*Newman & Blake,* for appellees.

REED, J.—I. The actions were instituted on the twentieth of February, 1886, and the final judgments were entered on

1. INTOXICAT-
ING liquors:
abatement of
nuisances:
chapter 66,
laws of 1886:
application of
to pending
suits: consti-
tutionality.

the twenty-ninth of the following June. They were commenced under section 12, ch. 143, Acts of the Twentieth General Assembly, which provides that "any citizen of the county where such nuisance exists, or is kept or maintained, may maintain an action in equity to abate and perpetually enjoin the same." That statute contains no express provis-

ions as to the manner in which the nuisance shall be abated after the fact of its existence is established. But, during the pendency of the actions, chapter 66, Laws of the Twenty-first General Assembly, went into effect, the fifth section of which provides that, "if the existence of the nuisance be established, * * * it shall be abated, under the judgment and order of the court, by seizing and destroy-ing the liquor therein, and removing from the building * * * all fixtures, furniture, vessels, and all movable property used in or about the premises, in carrying on the unlawful business, and selling the same in a manner pro-vided for the sale of chattels under execution, and by securely closing the said building as against the use or occupation of the same for saloon purposes, and keeping the same securely closed for the period of one year." It is provided by the sixth section of the act that the proceeds of the sale of the personal property shall be applied in satisfaction of any fine or costs adjudged against the keeper of the nuisance; and the fourth section provides for the taxing of the costs, including an attorney's fee, against him. It was not proven that any of the defendants had kept or maintained a nuisance after the preliminary injunctions were issued, or after that statute went into effect.

Counsel for appellants contend that the provisions of the act which prescribe the manner in which the nuisance shall be abated are penal in their nature; that is, that the destruc-tion of the liquors found in the building, the seizure and appropriation of the movable property which was used in carrying on the business, and the closing of the building, all pertain to and constitute part of the penalty which is imposed as punishment for the offense of keeping and maintaining the nuisance, and hence they contend that the provisions of the statute can have no application to offenses committed before its enactment. We think tnere is a ready and satis-factory answer to this position.

These are civil actions for the abatement of the nuisances,

and for the enjoining of the defendants from maintaining them in the future. They are prosecuted for the enforcement of the civil remedy created by the statute, and not for the punishment of the defendants for the offense of keeping and maintaining a nuisance. The provisions of the statute in question create no new remedies. They relate to the remedy created by existing statutes. They simply define the extent of that remedy, and provide for its enforcement. Under the former statute (sec. 12, ch. 143, Acts of Twentieth General Assembly) the courts were empowered, in this character of actions, to provide for the abatement of the nuisance; but, as stated above, the manner in which the abatement might be effected was not prescribed. The building or place which is the subject of the action is rendered a nuisance by the unlawful business which is carried on in it; and the power to abate the nuisance necessarily includes the power to break up and destroy the business. By the former statute the court was empowered to provide in its judgment for the doing of whatever might be deemed necessary for the complete suppression of the unlawful business within the building or place. The statute in question simply defines the means which shall be used for the accomplishment of that object. That it is within the powers of the legislature to . make such provisions applicable to cases which were pending at the time of the enactment of the statute we think there can be no doubt.

II. The defendant, in each of the cases, pleaded in his answer that, before the enactment of chapter 143 of the Acts

2. PLEADING: answer: affirmative allegations must be proved. of the Twentieth General Assembly, he had fitted up the building and place referred to in the petition as a place for the sale of liquors, the sale of which was not prohibited by the then existing statutes of the state; that, in so fitting up said place, he had expended a large sum of money; and that the place was adapted only to the use for which he had prepared it, and that for that use it was of great value; and, if he should be

enjoined from using it for that purpose, he would sustain great loss and damage, and his property would be destroyed and taken from him without compensation; and it is alleged that for these reasons the statute is in conflict with the fourteenth amendment to the constitution of the United States, and therefore void. The claim that the statute is void on this ground has been urged by counsel in argument in this court. We deem it sufficient to say, however, that the question does not properly arise on the record before us. The averments of fact in the answer by which the question was sought to be raised stood denied by operation of law. Under our system of pleading, no reply was necessary in order to form an issue upon them. Under the pleadings, the burden was on the defendants to prove the facts upon which this defense depended; but they did not prove the allegations of the answer, or make any effort to prove them. We cannot, on this state of the record, consider any question which depends upon the truth of the affirmative allegations of the answer.

III. It has been contended, also, that the statute is in conflict with the constitution of this state. In answer to this position we deem it necessary only to say that the power of the legislature to enact laws for the suppression of the general traffic in intoxicating liquors within the state has been recognized and affirmed by this court for more than twenty-five years. It has uniformly been held that the state, in the exercise of its police power, might regulate the traffic, or prohibit it entirely; and, when the power to prohibit the traffic is recognized, the power to enact whatever laws may be necessary to make the prohibition effectual follows necessarily.

3. INTOXICAT-
ING liquors:
prohibitory
statutes: con-
stitutionality.

The judgment in each case will be

AFFIRMED.