## Drake v. Jordan et al.

1. **Intoxicating Liquors:** NUISANCE: CONSTITUTIONALITY OF STATUTE: FEDERAL QUESTION. *Dickinson v. Heeb Brewing Co.*, the last foregoing case, followed.

2. ———: ———: REMEDY CHANGED AFTER ACTION BEGUN. This case,—an action to abate a nuisance under the prohibitory liquor law,—was begun before the enactment of Chap. 66, Laws of 1886, providing for the closing for one year of the building found to be kept as a nuisance, and for the taxing of an attorney's fee to the defendant. The case was not, however, determined until after said enactment had taken effect. *Held* that said provisions related to the remedy merely, and that, to apply them in the determination of this case was not a breach of that provision of the constitution which forbids *ex post facto* laws; and that, moreover, said provision of the constitution relates to criminal proceedings only, whereas an action of this character is not of a criminal nature. (Compare *McLane v. Bonn,* 70 Iowa, 752.)

*Appeal from Wapello Circuit Court.*

WEDNESDAY, MARCH 7.

PLAINTIFF asks the abatement of a nuisance, and the restraining of defendants from maintaining the same, and from keeping for sale and from selling intoxicating liquors contrary to law. Decree for plaintiff as prayed. Defendants appeal.

*John Gibbons* and *J. J. Smith*, for appellants.

*D. H. Emery, W. S. Coen* and *W. A. Work*, for appellee.

ROBINSON, J.—I. After filing their answer, the defendants presented their petition to the circuit court asking a removal of the case to the federal court. The petition was denied, and objection to that ruling is now made. The grounds of the petitions for removal were substantially the same as those in *Dickinson v. Heeb Brewing Co., ante,* 705. Following our decision in that case, the action of the circuit court in denying the removal is affirmed.

1. INTOXICATING liquors: nuisance: constitutionality of statute: federal question.

II. The circuit court decreed the closing of the building

in which the nuisance had been maintained, for the period of one year, and taxed the sum of $25 against the defendants as an attorney's fee. It is claimed that this action was not authorized by law. This proceeding was commenced in April, 1885, and the trial was had on the 16th day of December, 1886. The objection urged by counsel for appellants is that the closing of the building for one year, and the taxing of an attorney's fee, are only authorized by chapter 66, Acts Twenty first General Assembly; and to construe that statute to apply to acts done and proceedings pending before it took effect would be in conflict with the provisions of the constitution, which forbids *ex post facto* laws. But this is a civil, and not a criminal, proceeding, and the provisions of the statute referred to relate to the remedy. The right to a particular mode of procedure is not a vested one which the state cannot change or abolish. (Cooley Const. Lim. (5th Ed.) 349, 443; *Tilton v. Swift*, 40 Iowa, 78; *Wormley v. Hamburg*, Id., 22; *Equitable Life Ins. Co. v. Gleason*, 56 Id., 48; *County of Kossuth v. Wallace*, 60 Id., 508.) And this is true in criminal as well as in civil cases. (Cooley, Const. Lim., 328; *Marion v. State*, 20 Neb., 233; S. C., 29 N. W. Rep., 918.) We held in *McLane v. Bonn*, 70 Iowa, 752, that, so far as the act of 1886 prescribed a mode for the abatement of a nuisance, it related to the remedy only, defining the extent and specifying the method of enforcing one already given by statute, and that it was not open to the objection now made by appellants. The attorney's fee of which complaint is made was taxed as a part of the costs, and not as a part of the penalty fixed for violating the law. It is authorized by the act of 1886, as a part of the remedy providing for enforcing the law, and was properly taxed.

III. It is claimed that the evidence does not authorize the decree rendered. The evidence was introduced without objection, and in our judgment is sufficient to authorize the decree of the circuit court.          AFFIRMED.