## CAMPBELL v. MANDERSCHEID.

1. **Intoxicating Liquors : NUISANCE: ATTORNEY'S FEES : STATUTE RETROACTIVE.** Although this case for the abatement of a liquor nuisance was begun prior to the enactment of the law authorizing attorney's fees to be taxed against defendants in such cases, yet, as it was tried after the enactment and taking effect of that law, attorney's fees were properly taxed, under the doctrine of *Drake v. Jordan*, 73 Iowa, 707.

2. ———: ———: ———: **AMOUNT: REVIEW.** In this case, an attorney's fee of twenty-five dollars was taxed against defendant, and plaintiff, being dissatisfied with the amount, appeals. *Held* that, to justify interference by this court in such matter, a very clear showing of error would be necessary, which is not made in this case.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, SEPTEMBER 5, 1888.

THIS and five other causes were, by agreement of counsel, submitted together. They all involve the same question, which is the amount of attorney's fees proper to be taxed in certain actions for the abatement of liquor nuisances. The court fixed the fees at twenty-five dollars in each case. Plaintiffs, being dissatisfied with the allowance made, appeal to this court.

*Struble, Rishel & Hart*, for appellants.

*Argo & McDuffie,* for appellees.

ROTHROCK, J.—That the plaintiffs are entitled to have attorney's fees taxed in some amount must be conceded, under the rule of *Drake v. Jordan,* 73 Iowa, 707. In this case, as in that, the suits were commenced before the statute authorizing attorney's fees to be taxed in such cases was passed.

1. INTOXICATING liquors: nuisance: attorney's fees: statute retroactive.

The question to be determined is whether the court erred in fixing the amount of the fees. It is claimed that, as these are equitable actions, this appeal is triable anew. But the appeals are not taken from the decrees. They are mere appeals from orders taxing costs. Such orders, it is true, are based upon evidence as to the value of the legal services rendered; and the court, in fixing the amount, is allowed to use its judgment in the matter, in connection with the record made in the cases, and it would require a very strong case to authorize this court to interfere with the amount fixed by the trial court. We see no reason for disturbing the findings of the district court.

2. ——:——: ——: amount: review.

AFFIRMED.