FARLEY v. GEISHEKER.

| 78 | 453 |
| 85 | 96 |
| 78 | 453 |
| 97 | 505 |
| 78 | 453 |
| 106 | 42 |
| 78 | 453 |
| 133 | 592 |

1. **Liquor Nuisance**: INJUNCTION: ATTORNEY'S FEE. The statute allowing the successful plaintiff in an action to enjoin a liquor nui-sance to recover an attorney's fee applies to actions which were pending when the statute was enacted, as well as to those subse-quently begun. (See *Campbell v. Manderscheid*, 74 Iowa, 708; *Drake v. Jordan*, 73 Iowa, 707.)

2. **Appeal**: AMOUNT IN CONTROVERSY: LIQUOR NUISANCE: ATTORNEY FEE. The controversy in this case, as shown by the pleadings, related to the existence of a liquor nuisance, and is therefore not within the statute requiring a certificate of the trial judge in order to give this court jurisdiction where the amount involved, as shown by the pleadings, does not exceed one hundred dollars. And since

the costs, which are incidental to the controversy, should have included an attorney's fee, which was wrongfully denied, *held* that plaintiff had the right to appeal, regardless of the amount of the attorney's fee which ought to have been allowed. (See opinion for authorities.)

3.   **Liquor Nuisance:** INJUNCTION : ATTORNEY'S FEE: AMOUNT : HOW FIXED.   In the case of the injunction of a liquor nuisance, the amount of the attorney's fee to be allowed plaintiff must, in the absence of evidence, be fixed by the court upon a consideration of the amount of labor performed by the attorney, as indicated by the record. (See *Campbell v. Manderscheid*, 74 Iowa, 708.)

*Appeal from Dubuque District Court.*—Hon. John J. Ney, Judge.

### Filed, October 14, 1889.

Action for the abatement of a nuisance caused by the keeping for sale and selling of intoxicating liquors contrary to law.   Plaintiff appeals from so much of the judgment rendered on the final submission of the cause as disallowed an attorney's fee.

*S. P. Adams*, for appellant.

*Fouke & Lyon* and *McCeney & O'Donnell*, for appellee.

Robinson, J.—I.   This action was commenced in October, 1884.   After the evidence had been submitted,

1. Liquor nuisance: injunction: attorney's fee.

it was admitted that defendant had quit the saloon business, and moved to Florida. The court thereupon rendered judgment in words as follows: "March 20, 1889.   It appearing that this case was brought before the law provided for an attorney fee in cases of this character, and that defendant had quit the business, and moved to Florida, judgment is rendered for costs.   Attorney fee is disallowed." The action of the court in disallowing an attorney's fee was erroneous.   *Campbell v. Manderscheid*, 74 Iowa, 708 ; *Drake v. Jordan*, 73 Iowa, 707.

II.   No evidence was given on the trial in the district court as to what would be a reasonable attorney

2. APPEAL: amount in controversy: liquor nuisance: attorney fee. fee to be assessed by the court, and no certificate of the trial judge as to the question involved in this appeal is presented for our consideration. Appellee insists that this court has no jurisdiction of the cause, for the reason that appellant's abstract shows that he would not be entitled to an attorney's fee exceeding one hundred dollars in amount. The certificate of the trial judge is required to give this court jurisdiction only when the amount in controversy, as shown by the pleadings, does not exceed one hundred dollars. Code, sec. 3173. It has been held that, when the plaintiff waives his claim to a part of the amount he sought to recover, the amount in controversy, within the meaning of the statute, is thereby reduced. *Nevada v. Klum*, 76 Iowa, 428; *Cooper v. Wilson*, 71 Iowa, 205. In such cases the waiver has the effect to so far modify the pleadings as to prevent a recovery for the amount waived. To defeat the jurisdiction of this court, it must affirmatively appear that the case falls within the limitation fixed by section 3173. *Henkle v. Town of Keota*, 68 Iowa, 337; *Babcock v. Board of Equalization*, 65 Iowa, 111. The amount in controversy, as shown by the pleadings, constitutes the test of jurisdiction. *Bradenberger v. Rigler*, 68 Iowa, 300. The controversy in this case, as shown by the pleadings, related to the existence of a nuisance, and is not within the statute. *District Tp. v. Independent Dist.*, 72 Iowa, 687. The costs were incidental to the controversy, and should have included an attorney's fee. Section 1, ch. 66, Laws, 1886. Costs are not considered in ascertaining the controversy contemplated by the statute. *Curran v. Coal Co.*, 63 Iowa, 96. The appellant, being entitled to an attorney's fee, was aggrieved by the refusal of the court to allow it. As a rule, this court has appellate jurisdiction over all judgments and decisions of other courts of record in the state; and, this cause not having been shown to be an exception to that rule, jurisdiction of it must be assumed to exist. The fact that the evidence does not show that the amount in controversy

exceeds one hundred dollars is immaterial. *Ormsby v. Nolan*, 69 Iowa, 133.

III. It was said in *Campbell v. Manderscheid*, *supra*, that, in fixing the amount to be allowed as an attorney's fee, the court was permitted to act upon its own judgment, in connection with the record in the case. In this case, in the absence of evidence, we must be guided in estimating the value of the attorney's services by the amount of labor he performed, as indicated by the record. That discloses the filing of the petition, and the trial, on which the only evidence offered was a part of an answer filed by defendant, which had been superseded by the filing of an amended answer. A judgment in a contested case could hardly have been obtained with less labor. Therefore the attorney's fee for services rendered in the courts below will be fixed at twenty-five dollars. REVERSED.