T. B. BURK, Appellee, v. DR. T. L. PUTMAN, et al., Appellants, AND T. B. BURK, Appelle, v. DR. T. L. PUTMAN AND JESSIE D. PUTMAN, Appellants.

**Constitutional Law:** STATUTES PERMITTING HUSBAND AND WIFE TO TESTIFY AGAINST EACH OTHER IN SPECIAL CASES. Acts Twenty-seventh General Assembly, chapter 108, section 1, prohibiting husband and wife from being witnesses against each other, except in civil actions brought by judgment creditors against husband or wife to set aside conveyances from one to the other for fraud or want of consideration, is not unconstitutional, because changing rules of evidence or competency of witnesses.

IT IS NOT CLASS LEGISLATION. The statute is not unconstitutional on the ground that it is class legislation, since it applies to every person coming within the relation and circumstances provided for.

IT DOES NOT COMPEL SELF INCRIMINATION. The statute is not unconstitutional on the ground that it requires witnesses to answer questions incriminating in character, since it fixes the competency of the witness, and not of the evidence, and Code, section 4612, expressly excuses one from answering questions that would tend to criminate them.

**Witnesses:** WAIVER OF PRIVILEGE. Where witnesses make no claim of privilege which would excuse them from testifying, their evidence must be considered.

*Appeal from Page District Court.*—HON. WALTER I. SMITH,. Judge.

FRIDAY, FEBRUARY 1, 1901.

THE two above entitled suits were brought to subject certain property to a judgment held by plaintiff against T.. L. Putman; the first to subject personal property, and the second real estate. The trial court granted part of the re-- lief asked, and defendants appeal.—*Affirmed.*

*C. S. Keenan* and *G. B. Jennings* for appellants.

*Geo. H. Castle* for appellee.

DEEMER, J.—It is claimed that the legal title to certain· lots now in the name of Jessie D. Putman, and an interest that she claims in a partnership business in the town of Shenandoah, is fraudulent and void, as against creditors. To establish the claim of fraud, plaintiff introduced the defend-- ants Putman, who are husband and wife, as witnesses, and it is largely on their evidence that the decree of the district court is based. Appellants admit that, under the statute as: it now reads, this evidence was admissible, but they claim that the statute is unconstitutional and void. The material part of the section is as follows: "That section 4606 of the· Code, prohibiting husband and wife from being a witness against the other, * * * except in a civil action by one· against a third party for alienating the affections of the oth-- er, be amended as follows: * * * Or in any civil action brought by a judgment creditor against either husband or· wife to set aside a conveyance of property from one to the other, on the ground of want of consideration or fraud and to subject the same to the payment of the judgment." Sec-- tion 1, chapter 108, Acts Twenty-seventh General Assembly. This is said to be in violation of the con-- stitution, because it favors the creditor class; because·

it interferes with rights arising out of the domestic relation; because it does not grant immunity from criminal prosecution for fraud; and because violative of the spirit, if not the letter, of the constitutional guaranties against unreasonable searches, and in favor of absolute rights.

None of these reasons seems to be sound. That the legislature has plenary power to prescribe the competency of witnesses in all actions, limited only by certain express constitutional guaranties, is fundamental. *Counselman v. Hilchcock,* 142 U. S. 547 (12 Sup. Ct. Rep. 195, 35 L. Ed. 1110); *Ralston v. Lothem,* 18 Ind. 303; *Rich v. Flanders,* 39 N. H. 304; *John v. Bridgeman,* 27 Ohio St. 22. There is no vested right in a rule of evidence. Such rules affect the remedy only, and it is within the constitutional power of the legislature to change them. The same rule applies to the competency of witnesses. *Laughlin v. Com.,* 13 Bush, 261; *Wormley v. Hamburg,* 40 Iowa, 22; *Drake v. Jordan,* 73 Iowa, 707. The law passed by the Twenty-seventh General Assembly applies to every person coming within the relation and circumstances provided for, and is not subject to the objection that it is class legislation. *McAunich v. Railroad Co.,* 20 Iowa, 338; *Association v. Schrader,* 87 Iowa, 659, and other like cases.

If the statute in question required either husband or wife to give evidence against himself, and there was no statute exempting him from answering questions that were incriminating in character, there might be grounds for holding it unconstitutional, under the doctrine announced in the *Counselman Case.* But the statute in question simply defines the competency of witnesses. There is no provision requiring them to testify to any fact that would tend to convict them of the crime of making a fraudulent conveyance under section 5042 of the Code, as in section 4075, which requires answers to interrogatories tending to show fraud. Section 4612 expressly excuses one from answering a question that would tend to criminate him. Neith-

er of the witnesses in this case made any such objections to the questions propounded to them, and the statute itself does not compel them to respond to a question, truthful answer to which would tend to criminate. As already said, the statute fixes the competency of the witness, and has no reference to the competency of the evidence sought to be elicited. The statute was in force at the time of trial, and, as it relates to the remedy, must govern the procedure. It is not vulnerable to the objections urged, and in the absence of claim of privilege on the part of witness, the evidence must be considered in reaching proper conclusions.

Further, it is argued that some of the property was exempt when transferred to Jessie D. Putman, and that various sums given her by her husband, with which to acquire part of it, were also exempt. These claims, except in so far as they were recognized by the trial court, are without merit. Creditors cannot, of course, make claim to property that would have been exempt had it remained in the hands of the debtor, nor can they subject property in the name of the wife acquired by the husband's exempt earnings, given to her while they were exempt. But the trial court recognized these rules in the decree, and defendants have no just cause of complaint.

Lastly it is argued that the evidence does not support the decree. That claim has received due consideration, and, without setting forth the evidence on which we base our conclusions, it is sufficient to say that they accord with the findings of the court. If there is any error, it was in not allowing the plaintiff greater relief than seems to have been granted. Appellants' motion to strike out appellee's abstract is overruled. The decree in each case is AFFIRMED.