# IN THE MATTER OF THE ESTATE OF DAVID HENRY DAVIS, DECEASED.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.
### HON. W. L. WHITNEY, JUDGE.

ARGUED JANUARY 11, 1915.          DECIDED JANUARY 16, 1915.

### ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EXECUTORS AND ADMINISTRATORS—*partial distribution—surcharging account.*

Where, prior to final settlement, an administrator, by ex parte petition, procures an order permitting him to distribute nearly all the funds in his hands, one-third to the widow, and two-thirds to a son, of the deceased, stating in his petition that they are the heirs of deceased, and makes such payments, after which another

child of deceased, a daughter, appears and claims a distributive share in the estate, it is proper to surcharge the accounts of the administrator to the extent of one-half of the amount paid by him to the son.

OPINION OF THE COURT BY QUARLES, J.

June 10, 1912, the appellant was appointed administrator of the estate of David Henry Davis by order made by the second judge of the first circuit, sitting in probate, and qualified as such. October 10, 1913, appellant filed a petition praying for permission to make a partial distribution of the estate. In the petition appellant stated that he had on hand about $4200, and that the sum of $1200 would be sufficient to pay all claims against the estate not then paid, and costs of administration, and: "That the heirs at law of the said David Henry Davis are the minor child of the said David Henry Davis named James Kirkland Davis, and Jessie K. Davis his widow, and that Jessie K. Davis, widow of the said David Henry Davis, is the duly and legally appointed guardian of the estate of the said James Kirkland Davis." The petition closed with the following prayer: "And the petitioner now prays that he may be permitted at this time to make a partial distribution of the said estate of the said David Henry Davis, and to pay to the said Jessie K. Davis widow and heir the sum of $1000 and to the said Jessie K. Davis as guardian of the said James Kirkland Davis the sum of Two Thousand Dollars, ($2,000.00)." On the same day, October 10, 1913, the said circuit judge ordered as follows: "It is hereby ordered, adjudged, and decreed, that the said Ferdinand Hons be, and he is hereby permitted and allowed to make a partial distribution of the property of the said estate by paying to Jessie K. Davis as guardian of the estate of the said James Kirkland Davis, the sum of Two Thousand Dollars ($2,000.00), and to Jessie K. Davis as widow and heir the sum of One Thousand Dollars ($1,000.00)." June 5, 1914, appellant filed his partial account charging himself with receipts, and with disbursements including the sums of $1000

paid to the widow, and $2000 paid to the guardian of James Kirkland Davis, showing a balance in his hands of $507.82, which account he prayed be examined and approved. This partial account was referred to the master for examination and report, and the master made a report thereon, recommending among other things, the following: "The administrator, having on the 15th day of May, A. D. 1914, admitted in open court that Alma Eleanor Davis, of the City and County of San Francisco was a daughter and heir at law of David H. Davis, deceased, I respectfully recommend that he be surcharged with the sum of $1000.00 being the share due to the said Alma Eleanor Davis, for and on account of the partial distribution, together with interest thereon at the legal rate from the 10th day of October, A. D. 1913." Thereafter and on September 8, 1914, the said circuit judge made an order surcharging the item of $2000 made to the guardian in the sum of $1000, from which order this appeal is prosecuted. During the hearing of the partial account, appellant, while testifying, admitted that he had heard that deceased had been married before, and had heard a rumor at the time of his appointment as administrator that the deceased had left another child surviving him, but said this rumor had not been confirmed to him, and he said nothing to the court about the rumor, and made no effort to ascertain its truth. There appears to have been a petition by Alma Eleanor Davis as an heir, and a verified answer thereto by appellant, but they are not in the record before us. We find in the transcript of the evidence the following admission made by Mr. Breckons, attorney for appellant, while speaking of an attorney fee paid him, and of the $1000 surcharged: "Let it go over (the fee). If counsel wants that, we will pay it back without charges to the administrator. As to the thousand dollars matter we are willing to submit that as a matter of law on their petition and our sworn answer."

The only question before us is as to the correctness of the order surcharging the administrator with the one thousand dol-

lars. It is urgently contended in his behalf that having the order of the court to make the payments he is fully protected, and that the other heir, Alma Eleanor Davis, must look to the guardian for her share of the $2000 paid; that the proceeding was *in rem,* and the administrator having acted with authority from the court, he is protected in law, and cannot be surcharged with the $1000. The circuit judge in passing upon the master's recommendation, treated the order for partial distribution as permissive only, as made upon *ex parte* application, without notice to Alma Eleanor Davis, for convenience of administrator, and considered that the administrator was negligent, at least in not informing the court of the rumor that he had heard as to a first marriage of decedent and probable issue of that marriage. Counsel for appellant says that in some jurisdictions probate proceedings are *in rem,* the property of the estate being the defendant represented by the administrator, and that all interested in the property are parties, while in others they are regarded as proceedings *in personam.* But in proceedings *in rem* parties interested in the *res* are entitled to notice—to an opportunity to be heard, and without such opportunity cannot be deprived of legitimate property rights. We know of no exception to this rule other than that applying to instruments of crime and articles the possession and use of which are prohibited by law, and which may, under statutory provisions, be seized and destroyed in a summary manner. Under well established rules in this jurisdiction it is immaterial whether the proceeding is called one *in rem,* or one *in personam.* An annual or intermediate accounting, such as the one here, had *ex parte* and without notice, is for the convenience of the administrator, is not final, but is subject to modification or annulment by the circuit judge sitting in probate, at any time before final distribution. The correct rule,—one which is generally followed in other jurisdictions, and which is decisive of this case, is enunciated in *Estate of A. Enos,* 18 Haw. 542, where the court, speaking through Mr. Justice Wilder, at page 546, said:

"The practice in this Territory in probate matters is to require periodical accounts from an executor or an administrator * * *, and final accounts when the estate is ready to be wound up and the property distributed to those entitled. There is a clear distinction between the annual or periodical and the final accounts. The approval of the one is ex parte and without notice while in the case of the other it can only be made after notice to all concerned. The one is made annually or oftener at the discretion of the judge, the other only when the estate is fully administered. The one is for the information of the judge and the convenience of the administrator or executor in the management of the estate, the other is a final adjudication of the rights and obligations of all concerned. The one is only prima facie correct and is subject to correction for errors or mistakes in it thereafter discovered without an appeal or any direct proceeding to review it or set it aside, (see *Estate of Banning,* 9 Haw. 453, 457), the other is conclusive and final unless set aside on an appeal or a direct proceeding therefor or impeached for fraud. The approval of an annual account, being made without notice to any of the parties interested, is not conclusive as against one who does not appear, and in that sense it is not a final order, but, if a party interested does appear and objects and has a hearing on his objections and then appeals, the order is final as to such party, at least in the sense of its being appealable." See also 18 Cyc. 1194; *Holelua* v. *Kapu,* 4 Haw. 539; *Mikalemi* v. *Luau,* 6 Haw. 47.

In the case at bar Alma Eleanor Davis, admitted to be one of two surviving children of the decedent, did not appear, was not given notice, the order to pay the guardian of James Kirkland Davis was made *ex parte,* and on the same day the petition therefor was filed, hence she did not have the opportunity to present her claim as heir, and was not bound by the order permitting the payment. If an executor or administrator desires to be relieved of the responsibility of holding funds at any time prior to final accounting, on an *ex parte* proceeding, he must be certain to correctly inform the court as to the persons entitled to participate in the fund. Here, the administrator represented that the deceased left a widow and one child. He failed to

Estate of D. H. Davis, 22 Haw. 436.

inform the court that he had heard that the decedent had been married another time and probably left a child surviving the first marriage. The court was misled by the actions of the administrator, who now asks that the child of the former marriage look to the guardian for half of the money that he has paid her, simply because, on his own petition as aforesaid, he induced the court to make the order. This would not be in the furtherance of justice, but in violation of the established rule in this jurisdiction. The order surcharging the administrator appealed from is affirmed, with costs to the appellee.

Affirmed.

*R. W. Breckons* for appellant.

*R. B. Anderson* and *A. M. Cristy (Frear, Prosser, Anderson & Marx* on the brief) for appellee.