# IN THE MATTER OF THE ESTATE OF JOHN T. BAKER, JR.

## No. 2295.

Submitted April 26, 1937.  Decided August 16, 1937.

Coke, C. J., Banks and Peters, JJ.

OPINION OF THE COURT BY COKE, C. J.

John T. Baker, Jr., a resident of Honolulu, Territory of Hawaii, died intestate April 10, 1935, leaving an estate in the first judicial circuit composed principally of cash. Surviving him were his widow, Kamaka K. Baker, three brothers, namely, Edward P. Baker, Charles A. Baker and Adam C. Baker, and a sister, Mrs. Louisa Copp, his heirs, all residents of the Territory of Hawaii. Shortly following the death of Baker his widow applied for letters of administration, notice of hearing was duly published and the same came on for hearing before the circuit judge of the first judicial circuit in due time.

None of the heirs or other parties interested in the estate, aside from the petitioner, the widow, appeared at the hearing. After formal proof was made in support of the petition the court appointed the widow administratrix of the estate, fixed her bond, etc., and upon the application then made by her in open court, ordered that she be granted a family allowance of $300 per month payable out of the estate by the administratrix, the first payment thereof to be made as of April 10, 1935. The administratrix duly qualified, gave notice to creditors and discharged her duties in the usual manner. On March 13, 1936, she filed her final account and petitioned for an order of distribution and of discharge. Included within the final account were the items of the several monthly disbursements of $300 per month to the widow as ordered by the court and $300 paid to Charles S. Davis, attorney for the administratix. Three of the heirs, namely, Adam C. Baker, Edward P. Baker and Charles A. Baker, appeared in court by counsel and interposed objections "to the allowance of all of the items in the Final Account rendered and filed herein by the Administratrix of said estate which show the payment to the said Administratrix as the widow of the said deceased of the sum of $300.00 per month as a family allowance during the period of administration upon the ground, first, that the said

allowance is excessive and was made without notice to the other parties interested in the estate and, second, that it was continued over an unnecessarily long period of time, no reason appearing why the administration of the estate could not have been completed immediately after the expiration of the four months period from the first publication of notice to the creditors."

The court thereupon referred the account to a master to audit the same and report thereon. In due time the master filed his report stating that he had examined the account and found the same to be "just, true and correct."

The three brothers of the deceased, through their attorneys, filed exceptions to the master's report. After hearing the probate judge overruled the exceptions, approved the account and entered an order allowing the attorney for the administratrix a total fee of $400 for his services to the estate, $300 of which was set up as a disbursement in the final account and the additional sum of $100 we assume was for services of counsel in connection with the hearing on the objections of appellants to the final account. From the decree approving the account and allowing counsel fees the objectors have appealed to this court.

At the outset appellee urgently contends that the appellants have no right to a review of the order of allowance to the widow because the same was final in nature and could only be challenged here by a direct appeal therefrom and not through the medium of an appeal from the order approving the final account of the administratrix.

All parties in interest had notice as prescribed by statute of the petition for the appointment of the administratrix and therefore the order of appointment was final in its nature and any person deeming himself aggrieved thereby was required to perfect his appeal within ten days after the filing of the order as prescribed by section 3501, R. L. 1935. But subsequent expenditures under *ex parte*

orders or otherwise without notice were subject to objection by any interested party when the final account of the administratrix came before the probate judge for approval and the aggrieved objectors might appeal to this court from an adverse ruling. Similarly a periodical or annual account of an executor as distinguished from a final account when *ex parte* and without notice is not binding upon those who did not participate in the proceedings. The distinction between a partial or annual and a final account is clearly indicated in *Estate of A. Enos,* 18 Haw. 542, where the court said : "There is a clear distinction between the annual or periodical and the final accounts. The approval of the one is ex parte and without notice while in the case of the other it can only be made after notice to all concerned. The one is made annually or oftener at the discretion of the judge, the other only when the estate is fully administered. The one is for the information of the judge and the convenience of the administrator or executor in the management of the estate, the other is a final adjudication of the rights and obligations of all concerned. The one is only prima facie correct and is subject to correction for errors or mistakes in it thereafter discovered without an appeal or any direct proceeding to review it or set it aside, (see *Estate of Banning,* 9 Haw. 453, 457), the other is conclusive and final unless set aside on an appeal or a direct proceeding therefor or impeached for fraud. The approval of an annual account, being made without notice to any of the parties interested, is not conclusive as against one who does not appear, and in that sense it is not a final order, but, if a party interested does appear and objects and has a hearing on his objections and then appeals, the order is final as to such party, at least in the sense of its being appealable." It has been held to be within the power of the probate judge to surcharge an administrator with the wrongful disbursement of funds belonging to an estate

although such disbursement had been authorized by a prior order of court. (*Estate of D. H. Davis,* 22 Haw. 436.) This does not mean, as the appellants contend, that the court was without jurisdiction to enter the order of allowance to the widow at the time and in the manner the same was made in the present proceeding. Upon the filing of the petition for administration notice of the time of the hearing was duly published as required by section 4778, R. L. 1935. When the petition came before the court for hearing upon the application of the widow then made, the court, under the authority of section 4783, R. L. 1935, granted the allowance to the widow. It is the contention of counsel for appellants that the widow should have filed a written application for the allowance and served notice of the pendency thereof upon the heirs of the deceased before the court could acquire jurisdiction. The statute does not so prescribe. But the heirs and creditors who were without notice of the application for the family allowance might come into court at any subsequent time, including the hearing on the final accounts, and object to the award to the widow on the ground that it was excessive or unreasonable.

In the case at bar three of the heirs of the deceased did so appear and interposed objections to the account. The report and findings of the master constituted a *prima facie* showing of the correctness of the items in issue and the burden of overcoming this showing by evidence was upon the objectors. "The findings of the master are *prima facie* correct. Only such matters of law and of fact as are brought before the court by exceptions are to be considered, and the burden of sustaining the exception is on the objecting party." *Medsker* v. *Bonebrake,* 108 U. S. 66. (See also *Richards* v. *Todd,* 127 Mass. 167.) In *Trow* v. *Berry,* 113 Mass. 139, it was held that "A master's report upon questions of fact will not be set aside or modified without

clear proof of error." The appellants in this case neither introduced nor offered to introduce any evidence to show that the amount of the allowance to the widow was excessive or unreasonable. The same may be said of the contention of appellants—that the closing of the estate was unreasonably delayed. In this state of the record the probate judge was authorized to adopt the report of the master and to approve the account.

The appellants further complain of the allowance of a fee of $400 to counsel representing the administratrix. $300 of this sum was set up as a disbursement in the final account and had the approval of the master and therefore came within the rule above announced. The additional item of $100 for services rendered by counsel for the administratrix at the hearings on the objections interposed by appellants to the final account did not of course come before the master but the fact that these services are indicated by the record and the rendition thereof was within the presence and knowledge of the court and although unsupported by opinion or other evidence as to value, was sufficient to authorize the award. "It has been held that such [attorney's] services of themselves within the presence and knowledge of the court constitute evidence from which the court itself, unaided by opinion of others as to value, or even in defiance of opinion evidence may reach a conclusion." *Larscheid* v. *Hashek Mfg. Co.,* 125 N. W. 442. (See also *Remington* v. *Eastern R. Co. of Minn.,* 109 Wis. 154; *Ladd* v. *Witte,* 116 Wis. 35; *Farley* v. *Geisheker,* 78 Iowa 453.)

The decree appealed from is affirmed.

*Irwin & Harlocker* for appellants.

*C. S. Davis* and *M. K. Ashford* for appellee.