545 So.2d 224 (1989)
William Junior MOATES
v.
STATE.
4 Div. 123.
Court of Criminal Appeals of Alabama.
February 24, 1989.
Rehearing Denied March 31, 1989.
Certiorari Denied May 19, 1989.
*225 Bobbie S. Crook, Dothan, for appellant.
Don Siegelman, Atty. Gen., and Bryant G. Speed II, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-879.
TYSON, Judge.
William Junior Moates was indicted for the offense of sodomy in the first degree in violation of § 13A-6-63, Code of Alabama 1975. The jury found the appellant "guilty as charged in the indictment." He was sentenced to 25 years' imprisonment in the penitentiary.
The victim in this case, a 4-year-old boy, testified that on May 30, 1987, he was living at the Raymond Trailer Park in Houston County, Alabama. On that night, he went to the appellant's trailer house where the appellant performed oral and anal sex on him. The victim used dolls to illustrate what the appellant did to him. The victim was unable to identify the appellant at trial.
John Hilbert testified that he was the emergency room physician at the Dothan Medical Center on May 30, 1987. That night the victim came to the emergency room and told Hilbert that a man had performed anal intercourse on him. Hilbert examined the victim and discovered a small laceration in the victim's rectum and fresh blood in the area.
Rhonda Enfinger, the victim's mother, testified that she and Robert Douglas went looking for the victim on the night of May 30, 1987, and they located him at the appellant's trailer. When she and Douglas entered the appellant's trailer, she saw the appellant raising his head from the victim's lower body. Enfinger then grabbed her child and left. The victim was three years old at the time.
Douglas testified that, when he and Enfinger entered the appellant's trailer, the victim was naked from the waist down and the appellant was naked and had the victim's penis in his mouth. When Douglas asked the appellant what he was doing, the appellant started cursing.
Defense counsel called several witnesses who testified that the appellant had limited intellectual ability. James Farmer also testified for the defense. Farmer stated that he was initially appointed to represent the appellant in this case. Even though Farmer waived the appellant's preliminary hearing, Farmer was allowed to talk to Robert Douglas, Rhonda Enfinger, and the victim on the day the hearing was scheduled. Farmer pointed out several discrepancies between these witnesses' testimony at trial and what they told Farmer when he talked with them.

I
The appellant contends the trial court erred by allowing the 4-year-old victim to testify.
"Section 12-21-165(a), Code of Alabama 1975, provides that `[p]ersons who have not the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, are incompetent witnesses.' However, with regard to children, an exception has been made to § 12-21-165(a). Section 15-25-3(c), code of Alabama 1975 (1986 Supp.), provides:
"`Notwithstanding any other provision of law or rule of evidence, a child victim of sexual abuse or sexual exploitation, shall be considered a competent witness and shall be allowed to testify *226 without prior qualification in any judicial proceeding. The trier of fact shall be permitted to determine the weight and credibility to be given to the testimony. The court may also allow leading questions of such child witnesses in the interest of justice.'
"This section is applicable `[i]n any criminal prosecution for a sexual offense wherein the alleged victim is a child under the age of 16 years and in any criminal prosecution involving the sexual exploitation of a child under the age of 16.' § 15-25-1, Code of Alabama 1975 (1986 Supp)."
Hewlett v. State, 520 So.2d 200, 203 (Ala. Cr.App.1987).
Thus, the victim in this case was competent to testify under § 15-25-3(c), Code of Alabama 1975.
The appellant further contends that § 15-25-3(c), Code of Alabama 1975, is unconstitutional because it deprives him of the due process of law and his right of confrontation. A number of states has enacted statutes similar to § 15-25-3(c). See Colo.Rev.Stat. § 13-90-106(1)(b)(II) (1973), Conn.Gen.Stat.Ann. § 54-86h (West Supp. 1988), Mo.Ann.Stat. § 491.060(2) (Vernon Supp.1989), Tenn.Code Ann. § 24-1-101 (Supp.1988), Utah Code Ann. § 76-5-410 (Supp.1988).
In State v. Williams, 729 S.W.2d 197 (Mo.1987), cert. denied, ___ U.S. ___, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987), the Missouri Supreme Court addressed the constitutionality of the Missouri statute which allows a child victim to testify without qualification. With regard to the accused's due process argument, the Missouri court held:
"At the outset, it must be noted that the well-established rule is that the legislature has plenary power to prescribe or alter rules of evidence, including those involving competency of witnesses, in the absence of an express constitutional guarantee to the contrary. Spencer v. State of Texas, 385 U.S. 554, 568-69, 87 S.Ct. 648, 656, 17 L.Ed.2d 606 (1967). See also, 29 Am.Jur.2d Evidence, § 9 (1967); 81 Am.Jur.2d Witnesses § 70 (1976), citing e.g., Burk v. Putman, 113 Iowa 232, 84 N.W. 1053 (1901). In the words of Justice Cardoso:
"[A state] is free to regulate the procedure of its courts in accordance with its own conception of policy and fairness, unless in so doing it offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.... Its procedure does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar. [Citations omitted.]
"Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 105, 54 S.Ct. 330, 332, 78 L.Ed. 674 (1934).
"Appellant's due process claims find no support in the general rule stated above. The prevalent theme in due process cases is that in a criminal prosecution the accused must be allowed to present a complete defense.
"If a legislative provision not unreasonable in itself prescribing a rule of evidence, in either criminal or civil cases, does not shut out from the party affected a reasonable opportunity to submit to the jury in his defense all of the facts bearing upon the issue, there is no ground for holding that due process of law has been denied him.
"Mobile, J & K.C.R. Co., v. Turnipseed, 219 U.S. 35, 43, 31 S.Ct. 136, 138, 55 L.Ed. 78 (1910). This principle has been consistently reaffirmed by the Court.
"Under Due Process Clause of the Fourteenth Amendment, criminal prosecutions must comport with prevailing notions of fundamental fairness. We have long interpreted this standard of fairness to require that criminal defendants to afford a meaningful opportunity to present a complete defense.
"California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). Similarly, in Chambers v. Mississippi, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973), the Court *227 explained that `[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations.'
"Section 491.060(2), by allowing the child victim to testify without any further qualification did not deprive appellant of a meaningful opportunity to defend against the abuse charges. The statute merely insured that the child could testify and did not affect appellant's right to raise and pursue whatever defenses he may have had. He had the opportunity to cross-examine the child as to issues related to her maturity and her ability to recollect and relate the events of which he was accused."
Williams, 729 S.W.2d at 201.
We agree with and adopt the reasoning of the Missouri Supreme Court with regard to this issue.
Section 15-25-3(c), Code of Alabama, which allowed the victim in this case to testify without qualification, did not in any way deprive the appellant of a meaningful opportunity to present a complete defense against the State's accusations. Therefore, we hold § 15-25-3(c) does not deprive an accused the due process of law.
In addressing the accused's argument in Williams that he was denied his right of confrontation by the Missouri statute, the Missouri Supreme Court stated:
"Confrontation Clause cases fall into two broad categories: cases involving the admission of out-of-court statements and cases involving restrictions imposed by law or by the trial court on the scope of cross examination.
"Delaware v. Fensterer, 474 U.S. 15, 106 S.Ct. 292, 294, 88 L.Ed.2d 15 (1985) (per curiam). The principal interests thus protected by the Confrontation Clause are the rights of face-to-face confrontation at trial and cross-examination. Ohio v. Roberts, 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980). It is simply a `trial right, designed to prevent improper restrictions on the types of questions that defense counsel may ask during cross-examination.' [Pennsylvania v.] Ritchie, supra, [480] U.S. [39] [52], 107 S.Ct. [989] at 999 [94 L.Ed.2d 40 (1987) ]"
Williams, 729 S.W.2d at 202.
The appellant in this case was afforded the full opportunity to cross-examine the victim. Defense counsel did in fact cross-examine the victim and counsel managed to point out several inconsistencies in the victim's testimony. Thus, we find that the appellant was not denied his right of confrontation in this instance. The appellant's constitutional claims are without merit.
Furthermore, the trial judge, the prosecutor, and defense counsel all questioned the victim regarding his competency to testify. Afterwards, the trial judge found the victim qualified to testify. Thus, the victim was properly allowed to testify in this case.

II
The appellant asserts there was insufficient evidence to support his conviction. Section 13A-6-63(a)(3), Code of Alabama 1975 provides:
"(a) A person commits the crime of sodomy in the first degree if:
"(3) He, being 16 years old or older, engages in deviate sexual intercourse with a person who is less than 12 years old."
Deviate sexual intercourse is defined as,
"Any act of sexual gratification between persons not married to each other, involving the sex organs of one person and the mouth or anus of anther."
Ala.Code, § 13A-6-60(2) (1975).
The victim in this case testified, to the best of his ability, that the acts performed orally on him constituted oral and anal sex and demonstrated these acts with dolls. Although the victim was unable to identify the appellant (supposedly because his appearance was different at trial), there was certainly ample other evidence to corroborate the victim's testimony. The victim's mother and Robert Douglas testified that, when they entered the appellant's trailer, the appellant was performing anal intercourse on the victim. Dr. Hilbert testified that his examination revealed a laceration and blood in the victim's rectum. From *228 our review of this record, we find that there was sufficient evidence to support the appellant's conviction for sodomy in the first degree. Any conflicts in the evidence were for the jury to resolve.
For the reasons stated, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.