McKinley v. Sherry.

ANDREW MCKINLEY *v.* PATRICK SHERRY *et als.*

SUPREME COURT. *Jurisdiction. No power to remand for amendment upon matters outside the record.* To remand a cause to the inferior court for amendment upon matter outside of the record, would be the exercise of original, not appellate jurisdiction, and such an application cannot be entertained.

FROM SHELBY.

Motion to remand for amendments.

J. B. HEISKELL for complainant.

McKinley *v.* Sherry.

W. M. RANDOLPH for defendants.

COOPER, J., delivered the opinion of the court.

This was an ejectment bill, filed on the 7th of May, 1867, by the executory trustees, heirs and devisees of John McKinley, deceased, and R. M. Patton, to recover from defendants land claimed by the latter under a tax sale made in 1864, under the act of Congress for the collection of direct taxes in insurrectionary districts.

The land, it seems, was assessed in the name of the complainant R. M. Patton, but was owned by him and the McKinley heirs, he owning one individual moiety and they the other moiety. The bill was based upon the ground that the tax sale was void for several reasons assigned. The Chancellor so thought, and granted the relief sought by decree rendered in March, 1872, and his decree was affirmed by this court on appeal in October, 1875. A writ of error was sued out, by which the cause was taken to the Supreme Court of the United States. That court reversed the decision of this court, and has remanded the cause, " with instructions to enter a decree dismissing the bill." Such a decree is now presented on the part of the defendants, while the complainants move the court to send the case back to the chancery court, with leave to them to amend their bill, or to apply to the court below to amend.

The ground upon which the application of the complainants is put, is that the commissioners for the collection of the direct tax at Memphis adopted the

practice of allowing no tender of taxes from any one except the true owner of the premises, and that as to persons in the Confederate States, they would receive no tender from an agent, relation, or other person. And the Supreme Court of the United States have decided in 1873, in the case of *Lacey* v. *Irwin*, 18 Wall., 550, that the adoption of such a rule rendered a tender of the taxes unnecessary.

The application rests upon the idea, rather implied than positively stated, that R. M. Patton was at the time a person in the Confederate States, and would come within the decision of the Supreme Court of the United States.

This application, it may be premised, is made by counsel in writing signed by them, not under oath, nor sustained, as to the facts upon which it rests, by affidavit of the parties, or otherwise. It concedes on its face, that the facts were known at the filing of the bill, as well as when the decision of the Supreme Court of the United States was made in 1873, but were not used in the bill because their importance was underrated in view of other defects in the two proceedings then deemed fatal, and so held to be by the State courts; nor immediately after the decision in *Lacey* v. *Irwin*, because the case was then in this court upon a decree in favor of the complainants, which they felt confident would be sustained.

If it be conceded that the mandate of the Supreme Court of the United States leaves us the required liberty of action, that the application is properly made, and sustained by sufficient evidence of the facts on

which the application rests, the question becomes one of law; has this court any jurisdiction to entertain it? The point was considered in *Fogg* v. *Union Bank*, 4 Baxt., 539. It was held there that a remand of a cause by this court for amendment, either under the Code, sec. 3170, or the practice of the court, must be determined from the record. "We do not think," says Judge Freeman, who delivers the opinion of this court, "that an affidavit can be looked to in such cases. It would be to introduce new matter not found in the record, upon which the court is to form its opinion, and that *ex parte* only." In other words, the court must not act on matter outside of the record, which would be the exercise of original, not appellate jurisdiction.

For another reason the application cannot be entertained, and would do the complainant no good if it were. The application rests upon the residence of Patton. The other cotenants may have been free to redeem the property, or pay the taxes. Their residence at the time does not appear. But the testator, John McKinley, lived in or near Louisville, Ky., and the heirs, devisees and executory trustees are described in the bill as citizens of New York or Kentucky. If they were not in the Confederate States, no impediment existed to the payment of the taxes by them, and the tax commissioners would, doubtless, have required the entire taxes to be paid.

The application of the complainant must be refused and a decree entered in accordance with the mandate of the Supreme Court of the United States.