## N. Hill *v.* J. T. Hillsman *et al.*

SUPREME COURT PRACTICE. *Will not suspend the execution of a decree. When.* This court will not, upon application of the debtor, suspend the execution of a decree of foreclosure until the determination of another case upon the docket but not within the call of the term, because it involves a claim on the same property, which, if sustained, will be a superior lien to the trust deed foreclosed.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

BIGELOW & HILL for complainant.

METCALF & WALKER for defendants.

COOPER, J., delivered the opinion of the court.

This case has been heard at this term, and a decree rendered in favor of the complainant for the amount of his debt, and the land conveyed by Hillsman and wife in trust to secure the debt ordered to be sold in satisfaction thereof. The defendants, Hillsman and wife, now move the court to suspend the execution of the decree of sale until the determination of the case of *Anderson* v. *Ammonett et al.,* pending in this court, but not within the call of the docket at this term. The record of the case, it is said, involves

a claim of about $14,000 against the same land, which, if sustained, will be a superior lien to the trust conveyance in this case. The argument made in support of the motion is that the prior claim is a cloud upon the title to the land, and a sale must necessarily result in a sacrifice of the property.

We are not aware of any principle upon which a court can look outside of the record of the case before it either to determine the rights of the parties, or to make any order affecting those rights when declared. Any order or decree not warranted by the pleadings in that case, or by some proceeding in accordance with the practice and usual course of the court, would be *coram non judice,* and an unjustifiable interference with the rights of the suitors. The jurisdiction of this court is, moreover, appellate only, and confined to the record. We have lately held, that we cannot even remand a cause to the court below for amendment upon matter outside of the record: *Fogg* v. *Union Bank,* 4 Baxt., 539; *McKinley* v. *Sherry* 2 Lea, 200. If the applicants have any legal ground for a stay of the execution of the decree in this case, their remedy is in a forum of original jurisdiction. If they have no such ground, it is obvious they ought not to be permitted to do indirectly by motion, what they would have no right to do by the most formal proceedings.

The burden of the argument in support of the application is that there is a claim in suit, which may or may not be a prior claim. But the settled law of this State is that a mortgagee or lien creditor may

enforce his lien without reference to other liens either prior or subsequent: *Mims* v. *Mims,* 1 Hum., 425. The debtor may always prevent a sale by the payment of the lien debt. If he is unable to do so, that is his misfortune, for which the creditor ought not to suffer.

The application must be refused.