## McVoy v. Mayor, Etc., of Knoxville.

### (*Knoxville.* September 17th, 1886.)

MUNICIPAL CORPORATIONS. *Negligence. Defective way. Plaintiff returning from bawdy-house.*

A plaintiff, being otherwise free from negligence, is not precluded from maintaining an action against a city for injuries sustained by falling into an excavation, negligently left open on its streets, by the mere fact that at the time he received the injuries, he was returning from a bawdy-house.

### FROM KNOX.

Appeal in error from the Circuit Court of Knox County. February Term, 1886. S. A. ROGERS, J.

JAS. COMFORT and S. G. HEISKELL for McVoy.

J. W. SNEED for the city.

CALDWELL, J. One night, in the winter of 1884, while returning from a house of ill-fame, and while yet near it, Clarence McVoy fell into a deep excavation by the side of the street on which he was walking, in the city of Knoxville. It seems that he received severe bodily injuries from the fall, and that the excavation was neither guarded nor lighted.

McVoy brought this suit against the Mayor and Aldermen of the city to recover damages.

Verdict and judgment were for the defendant, and plaintiff has appealed in error.

Plaintiff's counsel requested the Court to charge the jury that "the mere fact that the plaintiff, at the time the injury occurred to him, was returning from a bawdy house cannot of itself debar the plaintiff from a recovery, provided plaintiff's own carelessness did (not) contribute to his injury and the jury believe the injury was caused by the carelessness of the corporation."

The refusal of the Court to give this instruction was clearly erroneous.

It is true that the conduct of the plaintiff in going to the house of ill-fame was against good morals and reprehensible in a high degree, but that did not deprive him of his right to the protection of the law and to redress for any injury inflicted upon him through the negligence of any one and without any negligence on his part.

The proposition contained in the instruction requested is sound, and applicable to the facts of the case. It was not only not embraced in the charge

given to the jury but a portion of that charge may well have been construed by the jury to be in conflict with it.

Reverse and remand for a new trial.