## FARLEY V. O'MALLEY.

1. **Intoxicating Liquors**: LAWS OF 1886, CHAPTER 66 : APPLICATION TO PENDING SUITS. Chapter 66, Laws of 1886, providing that in actions to abate liquor nuisances "evidence of the general reputation of the place designated in the petition shall be admissible for the purpose of proving the existence of such nuisance, and, if successful in the action, the plaintiff shall be entitled to an attorney's fee of not less than twenty-five dollars, to be taxed and collected as costs against the defendant," *held* applicable to suits pending when the law was enacted. (Compare *McLane v. Bonn*, 70 Iowa, 752; *Drake v. Jordan*, 73 Iowa, 707.)

2. **Evidence**: ADMISSIONS IN ANSWER. A paragraph in an answer which is an independent and distinct admission of material matters in the petition is admissible in evidence for plaintiff, where defendant introduces the rest of the answer.

3. **Liquor Nuisance**: ATTORNEY'S FEES : AMOUNT OF : IN APPELLATE COURTS. Under chapter 66, Laws of 1886, the plaintiff, if successful in an action to abate a liquor nuisance, is entitled to recover such attorney's fees as may be reasonable for the service necessarily rendered, in whatever court, not less than twenty-five dollars. In this case which was begun in the district court, removed to the federal court, appealed to the supreme court of the United States, and remanded to the district court where it was instituted, *held* that an attorney's fee of three hundred and fifty dollars was not unreasonable and should have been allowed upon the evidence.

4. **Judgment**: AGREEMENT TO ENTER IN VACATION. Where the parties consented that judgment should be entered in vacation as of the last day of the preceding term, but it was entered a few days after the opening of the next term, *held* that this was not prejudicial to defendant, and was no ground for reversal.

Farley v. O'Malley.

5. **Liquor Nuisance : ERROR IN REFUSING INJUNCTION.** Where in an action to enjoin a liquor nuisance the findings of the court, sustained by the evidence, fully warranted a permanent injunction, it was reversible error not to grant it.

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, MAY 18, 1889.

ACTION to declare a certain place a nuisance, to abate the same, and for perpetual injunction, upon allegations that the same was being kept for the unlawful keeping and selling of intoxicating liquors. The case was instituted on the fourth day of September, 1884, in the district court of Dubuque county, and removed to the federal court, taken on appeal to the supreme court of the United States, and remanded to the district court of Dubuque county (7 Sup. Ct. Rep. 1373), February, 1887, in which court it was tried before Hon. C. F. COUCH, Judge, at the October term, 1887, and taken under advisement, parties agreeing that decision might be made in vacation as of the last day of said October term. On the ninth day of February, 1888, said court then being in session, Hon. J. J. NEY, judge presiding, a judgment entry was sent by Judge COUCH from Waterloo to the clerk of the court to be made in said cause, and the same was entered of record. On the trial the plaintiff introduced S. P. Adams as a witness, who testified that he knew the reputation of the defendant's place to be that of a place where intoxicating liquors were sold and kept for sale, and also as to the value of his services as attorney for the plaintiff, and as to the amount paid by him to attorneys in Washington who appeared for plaintiff in the supreme court. Plaintiff also offered the third paragraph of defendant's answer. All of this testimony was admitted subject to defendant's objection, and the admission of the same is assigned by defendant as error, with the further assignment that the court erred in allowing an attorney's fee

of one hundred dollars, and that the decree was erroneously entered, there being no authority to enter the same, under the stipulations, after another term of court had commenced, and that the finding should have been for defendant. The plaintiff assigns as error that the court erred in allowing only one hundred dollars attorney's fee, and in failing to grant an injunction as prayed in plaintiff's petition.

*S. P. Adams*, for plaintiff.

*Fouke & Lyon* and *McCeney & O'Donnell*, for defendant.

GIVEN, C. J.—I. This action was instituted under the provisions of chapter 143, Acts of Twentieth General Assembly. Before trial, chapter 66, Laws of Twenty-first General Assembly, took effect, wherein it is provided that "evidence of the general reputation of the place designated in the petition shall be admissible for the purpose of proving the existence of such nuisance, and, if successful in the action, the plaintiff shall be entitled to an attorney's fee of not less than twenty-five dollars, to be taxed and collected as costs against the defendant."

1. INTOXICATING liquors: Laws of 1886, chapter 66: application to pending suits.

It is claimed in behalf of appellant that these provisions do not apply to this case, because it was pending at the time of the passage of the act. The opinions of this court as announced in *McLane v. Bonn*, 70 Iowa, 752, and *Drake v. Jordan*, 73 Iowa, 707, are a sufficient answer to this position. We see no reason for modifying or changing those opinions; hence there was no error in admitting evidence as to the reputation of the place nor as to the value of the attorney's services.

II. The third paragraph of the defendant's answer is an independent and distinct admission of material matters in the petition, and was properly admitted in evidence. No prejudice could result from admitting it, as the defendant introduced the other part of the answer.

2. EVIDENCE: admissions in answer.

Farley v. O'Malley.

III. As already stated, there was no error in admitting testimony as to the amount of attorney's fee.

**3. LIQUOR nuisance: attorney's fees: amount of: in appellate courts.** Chapter 66, Acts of Twenty-first General Assembly, being applicable, the plaintiff was entitled to such attorney's fees as might be reasonable for the service necessarily rendered in the case, in whatever court not less than twenty-five dollars.

IV. Section 183, Code, provides, "with consent of parties, action * * * may be taken under advisement

**4. JUDGMENT: agreement to enter in vacation.** by the judges, decided and entered on record in vacation, or at the next term." The consent of the parties was that decision was to be made in vacation, as of the last day of the October term. We fail to see wherein the defendant could be prejudiced by the judge withholding the decision for a few days beyond the vacation, and conclude that if it were error to do so, it was without prejudice.

V. The plaintiff assigns as error the refusal of the court to allow a permanent injunction. The findings of

**5. LIQUOR nuisance: error in refusing injunction.** the court as shown in the decree are fully sustained by the evidence, and warranted the granting of a permanent injunction. We see no reason why the permanent injunction was not granted.

VI. The plaintiff also assigns as error the refusal of the court to allow more than one hundred dollars

**SAME as number 3.** attorney's fee. The only testimony as to the value of the attorney's service rendered was by the attorney himself, who stated the services to be worth three hundred and fifty dollars, which, in view of the various courts into which the case has been carried, we think is quite reasonable.

The decree of the district court is affirmed on the defendant's appeal, and reversed on the plaintiff's appeal, and decree will be entered in this court granting permanent injunction as prayed, and for costs, including an attorney's fee of three hundred and fifty dollars. On defendant's appeal the case is affirmed, and upon plaintiff's appeal is                                REVERSED.