A. H. HAMILTON v. N. BAKER, Appellant.

2 **Liquor Nuisance.** ATTORNEY FEE ON APPEAL may be allowed appellee's attorney, and the supreme court can fix its amount from an examination of the record before it, though there be controversy as to what it should be.  *Craig v. Werthmueller*, 78 Iowa, 193, 43 N. W. Rep. 606, distinguished.

1 **Liquor Nuisance.** EVIDENCE HELD SUFFICIENT as to both landlord and tenant.

3 Practice on Appeal. Amendment to abstract not stricken for being filed too late, where no prejudice has resulted.

*Appeal from Wapello District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, MAY 17, 1894.

ACTION to enjoin the maintaining of a liquor nuisance. Decree for plaintiff, and the defendant appealed.—*Affirmed.*

*W. H. C. Jaques* for appellant.

*Coen & Siberell* for appellee.

GRANGER, C. J.—I. The petition represents that the defendant Baker is the owner of certain premises, on which George Silvers and Patrick Swift were maintaining a nuisance, by the keeping and sale of intoxicating liquors. The district court found the facts against all of the defendants, and granted a permanent writ of injunction. The defendant Baker alone appeals, and the questions in the case, on its merits, are of fact.

We may say, that on the question of the place being maintained as a nuisance, there is really no doubt. Intoxicating liquors were kept there, and sold, in violation of law. On the question of defendant Baker's knowledge of the facts, the case is also quite clear. As a saloon, the place was quite notorious for such a length of time that, in reason, he would, as a citizen of the place, have known the fact; and written notice thereof was left at his home. The circumstances were such that, if it were not true that he knew the facts, he would, in reason, have taken the stand, as a witness, and have denied such knowledge.

II. Appellee asks that an attorney's fee of one hundred dollars be allowed for prosecuting the cause in this court. Appellant insists—*First,* that under the

law there should be no allowance in this court; and, *second*, that if a fee is to be allowed, the amount asked is excessive.

In *Farley v. O'Malley*, 77 Iowa, 531, 42 N. W. Rep. 435, it was held that the plaintiff was entitled to an attorney's fee, "in whatever court" the service was rendered. In that case it was allowed for service in the federal court. The language of the law is, "The plaintiff shall be entitled to an attorney's fee of not less than twenty-five dollars, to be taxed and collected as costs against the defendant." It is as important to have the assistance of an attorney in this as in the district court, and the law specifies no court where the fee is to be allowed. A reasonable construction of the law is that it shall be allowed in any court where such a service is properly rendered; and, as it is a matter of costs in the court, the court where it is rendered may properly fix the amount.

Appellant insists that, if a fee is to be allowed here, there is a controversy as to the amount, because of the contention that the amount claimed is excessive. In *Craig v. Werthmueller*, 78 Iowa, 598, 43 N. W. Rep. 606, we held that where there was no controversy as to the amount the judge could, upon the record, and his own knowledge of the services rendered in the case, fix the amount without testimony, but, where there was a controversy as to the amount, testimony was to be heard. The holding in that case was with reference to such fees in the district court, where the extent and value of the services might be a matter in dispute, In this court the situation is widely different. The record and papers before us are evidence of the amount and character of the services rendered, and proper for us to consider in fixing a matter of costs. The services in the two courts are, to an extent, essentially different, and may be widely so. The controversy in this court as to such fees presents

no question that we may not determine from the evidence before us. We think the amount claimed is excessive. The record is very short, and the argument was necessarily so. Our conclusion is that forty dollars is a reasonable compensation in this court, which is allowed.

A motion to strike appellee's amendment to abstract from the files, because filed too late, is overruled, because no prejudice is shown. The judgment is AFFIRMED.