JOHN W. WEST v. THE BADGER LUMBER COMPANY *et al.*

No. 7949.

1. FRAUD—*Rescission of Contract—Mechanics' Lien—Rights of Lien Holders.* An owner of real estate, who was induced by fraud to convey the title thereto to another under a contract contemplating the construction of buildings thereon, cannot, in an action brought by him to set aside the conveyance and discharge the property from all liens, defeat the claims of persons who, in good faith, and relying on the apparent title of the fraudulent purchaser, have furnished materials and performed labor in the construction of the buildings contemplated, and complied with the statutory requirements in establishing their liens. But personal judgments against the plaintiff for the amounts due such lienholders are erroneous. The property only is liable for their payment.

2. ATTORNEY'S FEES—*Allowance.* Section 638 of the code of civil procedure, which authorizes the recovery of attorney's fees in an action brought by an artisan or day laborer to foreclose a mechanic's lien, applies only to the trial court, and does not authorize an allowance for attorney's fees in this court.

*Error from Wyandotte Court of Common Pleas.*

THE plaintiff in error brought suit in the court of common pleas of Wyandotte county against John Parker, John C. Snyder, L. D. Robertson, the Commercial Bank of Kansas City, Mo., and a number of other persons, and in his petition alleged that the defendants Snyder and Robertson were partners in the real-estate business in Kansas City, Mo., and were indebted to defendants F. M. Darnall and the Commercial Bank, and that to secure and pay them these parties entered into a conspiracy to defraud plaintiff out of 10 lots in Argentine, Kan.; that the defendant Parker was employed as a "straw man," for the stipulated sum of $25, to contract with the plaintiff for the purchase of the property for $3,500—$150 cash on each lot—the purchaser to be permitted to place a first mortgage on each lot for $600, to be used

in paying for the erection of a four-roomed house on each lot, and the balance of $200 a lot, with 8 per cent. interest, to be secured by second mortgages payable in one and two years — the purchaser to give a satisfactory bond in the sum of $6,000 for the erection and payment for said four-roomed houses; that the plaintiff deeded the property to said Parker in pursuance of this agreement, and Parker executed first mortgages and second mortgages of $200 on each lot, and gave the $6,000 bond, with Snyder and Robertson as sureties, but that they were worthless; that, in lieu of the cash payment of $1,500, the plaintiff was given three of said $600 mortgages as security therefor; that the remaining seven $600 mortgages were transferred to the defendant the Commercial Bank of Kansas City; that the houses were never paid for, and were never intended to be paid for; that the plaintiff had tendered back to John Parker the three $600 mortgages and the 10 $200 mortgages, and demanded the reconveyance of the property, and also facts showing that all of these transactions were fraudulent as between the parties named; and further alleged that the other defendants claimed to have mechanics' liens on the property, but in fact had none. The Commercirl Bank answered, setting up its seven $600 mortgages, alleging that it was the *bona fide* holder thereof as security for a loan of $4,000, and asking judgment declaring them a first lien on the lots. The Badger Lumber Company and numerous other defendants filed answers setting up mechanics' liens on the property for labor performed and materials furnished under contracts made by Snyder and Robertson. The case was tried with a jury, Hon. J. B. Scroggs, judge *pro tem.*, presiding, and answers were returned to numerous special questions submitted by the various

parties to the case. These findings sustain the charge of fraud as against the defendants Parker, Snyder, Robertson, and the Commercial Bank. The court thereupon rendered a judgment canceling the deed to Parker, and the mortgages executed by him, but rendered judgments in favor of the parties made defendants in error in this court, sustaining their claims to mechanics' liens on the property, and providing for their enforcement. To these judgments the plaintiff excepted, and asks a reversal thereof by this court. The opinion herein was filed January 11, 1896.

*C. C. Dail*, and *L. F. Bird*, for plaintiff in error.

*John W. Baldwin*, and *Samuel Maher*, for defendants in error.

*N. F. Heitman*, for defendants in error D. Cummings, Joseph Cummings, James W. Moad, and John Van Ausdell.

The opinion of the court was delivered by

ALLEN, J. : The position of the plaintiff in error is that the title of Parker, having been obtained by fraud, was a nullity, and that no lien could attach to the lots based on any contract made by his authority ; and that in any event the plaintiff was entitled to the purchase price of the property, $3,500, as a prior claim. The plaintiff, in an action brought by him to cancel the deed to Parker and regain his title to the lots, cannot, at the same time, maintain the position of a lien holder, claiming a lien for the purchase price of the lots as having been sold and conveyed to Parker. Such claims are utterly incompatible. The plaintiff saw fit to invest Parker with the legal title to the lots. As security against incumbrances by mechanics' liens which might become prior to the

19—56 KAS.

$200 mortgage on each lot he had agreed to take, he saw fit to take a $6,000 indemnity bond, which he now alleges was worthless.   Under this state of facts, it would be grossly inequitable to allow him to recover the lots, with the houses on them, which had been constructed with the material and by the labor of the mechanics and material men, freed and cleared of all liens whatever.   By his own act he had given Parker the full title to the property, and persons constructing the buildings contemplated by the bargain itself made between him and Parker had a right to rely on Parker's apparent title to the property.   No question is presented by the record as to the validity of the liens, save that arising from the fraud, to which there is no pretense whatever that any of the lien claimants were parties.

It appears from the record that personal judgments against the plaintiff were rendered in favor of D. Cummings and J. W. Moad for the amounts of their liens. This was erroneous, and was doubtless an inadvertency on the part of the person who drew the decree.   Their judgments should extend no farther as against the plaintiff than to the enforcement of liens on the property.   It is claimed that parts of the claim of Moad were also allowed to Enright and Baly, thus making double charges against the property.   This claim seems to be supported by a recital in the record showing that Enright and Baly claimed under Moad. While Moad was entitled to a lien for the whole amount due him, and while his employees were entitled to liens for the respective amounts due them, the decree should contain a provision that, on payment of the sums due Enright and Baly, those parts of their claims which are also included in Moad's claim should be credited also on the judgment in favor of Moad.

We find no error in the allowances of attorneys' fees as made by the court. Applications are made on behalf of certain mechanics' lien holders for this court to tax attorneys' fees in their favor for the services of their attorneys here. We do not think section 638 of the code of civil procedure applies to this court, and this application will be denied.

The judgment will be modified as above indicated, and by striking out so much of it as awards personal judgments against the plaintiff in favor of Cummings and Moad. In all other respects it will be affirmed.

All the Justices concurring.