THE STATE OF KANSAS V. CHOD THOMAS.
No. 14,736.   (92 Pac. 557.)

THE STATE OF KANSAS V. ARTHUR SCHMIDT.
No. 14,962.

THE STATE OF KANSAS V. FRANK P. PLAMONDON.
No. 15,051.

THE STATE OF KANSAS V. OSCAR SCHMIDT.
No. 15,094.

THE STATE OF KANSAS V. FRANK FORNER.
No. 15,138.

THE STATE OF KANSAS V. CHARLES E. TAYLOR.
No. 15,140.

SYLLABUS BY THE COURT.

FEES AND SALARIES—*Attorney's*—*Appeal in a Contempt Proceeding.* Section 1 of chapter 338, Laws of 1903, does not authorize the allowance of an attorney's fee for services in the supreme court on an appeal from a judgment of conviction for contempt in violating an injunction granted under the prohibitory law.

Appeals from Cowley, Shawnee and Miami district courts; CARROLL L. SWARTS, ALSTON W. DANA, and WINFIELD H. SHELDON, respectively, judges. Opinion filed November 9, 1907. Motion to allow attorney's fees as costs denied.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*G. H. Buckman, Jackson & Noble, Torrance & Bloss, Galen Nichols,* and *Hungate & Magaw,* for appellants Chod Thomas, Arthur Schmidt, Frank P. Plamondon, and Oscar Schmidt.

The opinion of the court was delivered by

PORTER, J.: Each of the appellants was proceeded against upon an accusation in the district court charging contempt of court in violating a temporary injunction allowed in a suit brought by the state to enjoin a

nuisance under the prohibitory law. Upon conviction the cases were appealed to this court, where the judgments were affirmed. Subsequently counsel for the state moved for an allowance for attorney's fees in this court. The same question is therefore involved in all of the cases, which is: whether the statute authorizes the allowance of an attorney's fee in such cases in this court. Section 1 of chapter 338, Laws of 1903, reads as follows:

"In case judgment is rendered in favor of the plaintiff in any action brought under the provisions of this section, the court rendering the same shall also render judgment for a reasonable attorney's fee in such action in favor of the plaintiff and against the defendants therein, which attorney's fee shall be taxed and collected as other costs therein, and when collected paid to the attorney or attorneys of the plaintiff therein."

A similar question arose in *West v. Lumber Co.*, 56 Kan. 287, 43 Pac. 239, which was whether an attorney's fee in this court could be allowed in a suit brought by an artisan or day laborer to foreclose a mechanic's lien. The statute construed at that time was section 638 of the code of civil procedure, which reads as follows:

"In any action brought by any artisan or day laborer to enforce any lien under this act, where judgment be rendered for plaintiff, the plaintiff shall be entitled to recover a reasonable attorney's fee to be fixed by the court, which shall be taxed as costs in the action." (Gen. Stat. 1901, § 5125.)

It was held that the provision applied only to the trial court and did not authorize an allowance for attorney's fees in this court. The fact that this section of the statute was subsequently, in *Atkinson v. Woodmansee*, 68 Kan. 71, 74 Pac. 640, 64 L. R. A. 325, held to be unconstitutional because it denied persons within the jurisdiction of the state equal protection of the laws does not, we think, destroy the force of the former decision as a precedent. The language of the section allowing an attorney's fee in a suit brought by an

artisan or day laborer to enforce a mechanic's lien is in all respects similar to that used in the statute under consideration. Each statute provides that where judgment is rendered in favor of plaintiff in an action brought under its provisions an attorney's fee shall be allowed, which shall be taxed as costs in the action. The question is not discussed in *West v. Lumber Co.*, *supra*. The opinion merely declares that section 638 of the code does not apply to this court.

The same question was before the court in *K. P. Rly. Co. v. Wood*, 24 Kan. 619, which was an action to recover damages for stock killed by the railway company. The act of 1874, under which the action was brought, provided that the owner might recover the full value of the animal killed, together with a reasonable attorney's fee for the prosecution of the suit, and also that it should be the duty of the court or jury where the judgment or verdict was in favor of plaintiff to make a finding of the amount allowed for an attorney's fee. A motion was filed by defendant in error asking the court to tax against the railway company a fee for services in this court. In the opinion it was said:

"On a motion so filed therefor defendant in error asks us to tax against the railroad company an additional amount, as fees of counsel in this court. This motion will be overruled. The statute gives no attorney's fee for defending actions, and no new judgment is recovered in this court." (Page 626.)

The jurisdiction of the supreme court in actions of this kind is purely appellate. The only judgment it can render is to affirm, modify or reverse the judgment rendered in the court below. It is not a judgment rendered in favor of plaintiff in the language of the statute, but one which merely affirms, modifies or reverses the judgment which was rendered below in favor of plaintiff in the action. The appellant in each case was convicted of a contempt of the district court, not of a contempt of this court. And this court has no power to

render any judgment in actions of this kind except the kind of a judgment it must always render on proceedings brought here on appeal or error.

Counsel for the state urge that the provision for the allowance of attorney's fees in actions of this character was adopted by our legislature from the law of Iowa and with it there was adopted the construction placed upon the statute by the decisions of the Iowa supreme court, and we have been cited to a number of Iowa cases holding that the statute there authorizes the allowance of attorney's fees in the supreme court. We recognize the force of the rule that where one state adopts the statute of another it adopts the definite, known construction placed thereon by the courts of the other state, but we have held the rule to be subject to the exception that where such construction is contrary to the weight of reason or authority or is against the general policy of our laws the construction will not be followed. (*The State v. Campbell,* 73 Kan. 688, 85 Pac. 784, 9 L. R. A., n. s., 533.) Prior to the enactment of this statute the rule was announced by Mr. Justice Brewer in *K. P. Rly. Co. v. Wood, supra,* that a similar statute would not authorize the allowance of fees in this court.

There is, however, another reason which suggests itself why the rule cannot be applied. The Iowa statute was enacted in 1886, and our statute followed in 1887. The earliest Iowa decision construing the statute to which we have been cited or which we have been able to find was rendered in 1889, in the case of *Farley v. O'Malley,* 77 Iowa, 531, 42 N. W. 435. The rule of adopted statutes only applies to the definite, known construction placed thereon by the courts of the state from which it is borrowed prior to its adoption. (26 A. & E. Encycl. of L. 700, 702; *Myers v. McGavock,* 39 Neb. 843, 863, 58 N. W. 522, 42 Am. St. Rep. 627.) In the latter case it was said that the rule has no application when such construction is not placed on the statute until after its adoption. (To the same effect see *Insur-*

*ance Co. v. Ross Lewin,* 24 Colo. 43, 51 Pac. 488, 65 Am. St. Rep. 215.) This limitation of the rule is also recognized in *A. T. & S. F. Rld. Co. v. Franklin,* 23 Kan. 74, 80, and in *Holden v. Garrett,* 23 Kan. 98.

It is urged by counsel for the state that it is highly proper that the statutes should confer this power upon the supreme court in order to maintain the dignity of the courts and properly punish contempts, and that to construe the statute as not granting this authority will result in embarrassments and delays in the enforcement of the prohibitory liquor law. These suggestions might have considerable force if addressed to the legislature, but they furnish no reason why we should read into the statute a provision which the legislature has not placed there. We are satisfied that there is no statutory authority for the allowance of these fees, and the motions are denied.