HUDSON v. SHOULDERS et al.—122 S. W. (2d) 817.

Middle Section.   May 14, 1938.

Petition for Certiorari denied by Supreme Court, December 17, 1938.

Jesse Cantrell, of Watertown, W. S. Faulkner, of Lebanon, and Gordon B. Walker, of Nashville, for plaintiff in error Hudson.

Roberts, Roberts & McCall, of Nashville, for defendants in error Shoulders and Brown.

CROWNOVER, J. This is an action for damages for mal-practice, it being averred by the plaintiff that he was burned by the negligent use of an X-ray machine while being treated by the defendants.

The injury occurred in 1928, and this suit was instituted in November, 1934.

The defendants demurred to the declaration on the ground that the suit was barred by the statute of limitations of one year.

Whereupon the plaintiff moved the court to be allowed to amend his declaration to aver that the defendants fraudulently concealed from him the fact that he had been negligently burned and was permanently injured, by assuring him that his condition was the result of the treatment, was to be expected, and he would eventually get well.

The motion was granted by the court, the declaration amended, and the defendant's demurrer overruled.

Whereupon the defendants pleaded the general issue of not guilty, and pleaded specially the statute of limitations of one year.

The plaintiff filed a replication to the special plea averring fraudulent concealment of the injury.

The case was tried by the judge and a jury. At the close of the plaintiff's evidence the defendants moved the court for peremptory instructions on the grounds that there was no evidence upon which a verdict could be based; that the statute of limitations of one year had run; and the evidence failed to show any fraudulent concealment that would operate to suspend the running of the statute. The court granted the motion and directed the jury to return a verdict for the defendants, which was done, and judgment was entered dismissing the plaintiff's suit.

The plaintiff's motion for a new trial was overruled and he ap-

pealed in error to this court and assigned errors, which are, in substance, as follows:

The court erred in directing a verdict for the defendants because there was evidence that should have gone to the jury on the defendant's negligence and on the question of their fraudulent concealment of the right of action.

The facts necessary to be stated are:

The plaintiff, Hudson, upon the advice of his physician, went to the defendant doctors for X-ray treatment of a glandular ailment of his ·neck and chest. After an examination he was given an X-ray treatment, in April, 1928. He was given another treatment in May and one in July, of 1928.

After the July, 1928, treatment, he had a burning sensation and redness of the skin on his throat and chest. He returned to the doctors and showed the apparent burn to them. He testified that they assured him that no ill effects or injurious results would follow, that this was an incident of the treatment, with no injurious effects; so he had several more treatments in 1928 and one in 1929. He further testified that the burn began to "draw" his neck in 1931, and he filed his first suit in 1931 (which was prior to this suit).

At the outset the defendants have made a motion in this court to dismiss the appeal, the ground of the motion being that the pauper's oath filed in lieu of an appeal bond is void because it was filed before the appeal was prayed and granted and authority given to file the oath and before the motion for a new trial was overruled.

This motion is not well made and must be overruled. The record shows that final judgment was entered on October ·23, 1936; that motion for a new trial was filed on November 17, 1936; that on November 30, 1936, a nunc pro tunc order was entered, as of November 17, overruling the motion for a new trial, granting appeal on the execution of bond or taking of the pauper's oath, and allowing the plaintiff 30 days in which to perfect his appeal, etc.; that the pauper's oath was filed on November 27, 1936. A nunc pro tunc order becomes effective from the date it was rendered, as shown by the order. Tenn. Proc., by Higgins & Crownover, sec. 1724; Chattanooga Dayton Bus Line v. Burney, 160 Tenn. 294, 23 S. W. (2d) 669.

The pauper's oath was therefore filed after appeal prayed and granted and within the time allowed.

The plaintiff, on March 22, 1937, filed a petition in this. court suggesting a diminution of the record and praying for a· writ of certiorari to bring up parts of the record in another suit brought by him (the first suit) against the defendants prior to this suit. It was contended that the pleadings in that suit would show

that the plaintiff brought his action against these same defendants for damages for this injury, on June 27, 1931; that a demurrer of the defendants invoking the one year statute of limitations was sustained by the trial judge and on appeal was reversed by the Supreme Court (Hudson v. Shoulders, 164 Tenn. 70, 45 S. W. (2d) 1072); and that when the case was called for trial he took a voluntary non-suit, on October 10, 1934; and that this suit was instituted for the same cause of action, on November 19, 1934, within one year (Code, Section 8572).

The defendants moved to strike this petition on the grounds that no part of the record of this case had been omitted from the transcript; that the pleadings in the suit brought prior to this suit were not a part of this record, said record of the former case not having been called for, read in evidence, or offered to be read in evidence in this case.

This court, on the hearing of the petition for certiorari, granted the same, subject to a motion of the defendants to strike same, reserving the question as to whether the plaintiff was entitled to have same made a part of the record in this cause.

The defendants' motion to strike the transcript of the prior case is now sustained, and the plaintiff will be taxed with the costs of same, as there is nothing to show that it was ever made a part of the record in this case. Nothing shall be copied into the record except that filed and heard on the trial in the lower court. Tenn. Proc., by Higgins & Crownover, secs. 1868, 1930b; Cosmopolitan Life Insurance Company v. Woodward, 7 Tenn. App. 394.

There is some reference in the evidence to the fact that a former suit had been brought in 1931 for this injury of 1928, but there is nothing to show that the former action was commenced within one year after the cause of action accrued (Code, sec. 8595), or whether the former suit had been tried on its merits, or when the non-suit was taken, or any other facts which would entitle the plaintiff to commence this action under Code, section 8572.

The court cannot take judicial knowledge of a former suit in the same court. It must be established by evidence. 23 C. J. 113, sec. 1920; Tenn. Proc. by Higgins & Crownover, sec. 1300a; Boyd v. Merchants Delivery Co., 7 Tenn. App. 416, 423; Hill v. Hillsman, 75 Tenn. 196, 7 Lea 196, 197.

The appellate courts have no power to remand a cause to the inferior court for amendment upon a matter outside the record, under Code, Section 9054, as that would be the exercise of original, not appellate, jurisdiction. McKinley v. Sherry, 70 Tenn. 200, 2 Lea 200, 203; Fogg v. Union Bank, 63 Tenn. 539, 4 Baxt. 539, 542; Lyon v. Crabtree, 16 Tenn. App. 42, 64 S. W. (2d) 24.

It is insisted that by oversight the foregoing facts were not proved, and for this reason the cause should be remanded that same

may be proved. Oversight in preparing case for trial is not ground for new trial. Elbinger Shoe Co. v. Thomas, 1 Tenn. App. 161, 167; Stafford v. Stafford, 1 Tenn. App. 477, 482; Chattanooga Railway & Light Co. v. Deakins, 3 Tenn. Civ. App. 28.

This suit is therefore not saved from the bar of the statute of limitations by Code, section 8572.

The plaintiff contends that the fraudulent concealment of the cause of action by the defendants suspended the running of the statute. Hudson v. Shoulders, 164 Tenn. 70, 45 S. W. (2d) 1072.

But the plaintiff testified that he first brought suit for his injuries in 1932, so he evidently discovered in 1932 that he was injured, which was more than a year before this suit was brought.

It becomes unnecessary to discuss whether the case should have gone to the jury on the questions whether the plaintiff discovered or should have discovered his injury in 1928; whether the defendants concealed the facts from him; and whether the defendants were guilty of negligence.

It results that all the assignments of error must be overruled, and the judgment of the lower court is affirmed. The costs of the cause including the costs of the appeal are adjudged against Hudson.

Faw, P. J., and Felts, J., concur.