## UNION NAT. BANK v. FOX.—148 S. W. (2d) 381.

Middle Section. September 21, 1940.

Petition for Certiorari denied by Supreme Court, March 1, 1941.

McLane & Craig, of Lewisburg, and Bennett Eslick, of Pulaski, for plaintiff in error Union Nat. Bank.

Thurman Thompson, of Lewisburg, and David Rhea, of Pulaski, for defendant in error W. C. Fox.

CROWNOVER, J.   This suit was instituted by the Union National Bank to enforce collection of a check executed by W. C. Fox, payable to Will Tallent, dated March 13, 1936, for the sum of $475.91, to which

a protest fee of $2.50 was added, making a total of $478.41, the Bank claiming to be an innocent holder for value of the check.

The suit originated in a justice of the peace court where judgment was rendered in favor of the plaintiff Bank against Fox for $478.41.

On the defendant's appeal to the Circuit Court the case was tried by the judge without a jury.

The plaintiff filed before trial a written request for a written finding of facts.

The court held that the plaintiff Bank had failed to make out its case against the defendant and he dismissed the suit.

The plaintiff's motions for a new trial and in arrest of judgment were overruled by the court, and it appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1) The trial judge erred in failing to file a written finding of facts as requested.

(2) There is no evidence to support the judgment of the court in dismissing the suit.

1. The assignment of error that complains of the trial judge's failure to file a written finding of facts as requested is not well made for the reason that the court's attention was not called to his failure to do so in the motion for a new trial.

It is the duty of the Circuit Judge to make a special finding of facts in writing when seasonably requested, and ordinarily the case will be reversed and remanded if he does not do so. Code, sec. 8811; Stanley v. Donoho, 84 Tenn. (16 Lea), 492; Tennessee Procedure by Higgins & Crownover, secs. 1116 to 1121; Nashville Railroad v. Price, 125 Tenn., 646, 148 S. W., 219.

There is nothing in the record, other than the special request copied in the minutes of the court and in the bill of exceptions, to show that the judge's attention was further called to the matter during the trial.

In short, the plaintiff requested a special finding of facts in writing, and the court made a general finding in the judgment, which was not excepted to. Evidently the court overlooked the special request.

The request for a written finding of facts and the finding of facts itself are parts of the technical record and it is not necessary to preserve them in a bill of exceptions. Tennessee Procedure by Higgins & Crownover, sec. 1122; Wilson v. White, 20 Tenn. App., 604, 102 S. W. (2d), 531.

But the court's refusal to find the facts as requested must be shown either in the minutes of the court or in a bill of exceptions. If the court's refusal is not set out in the minutes and made a part of the technical record it must be preserved in a bill of exceptions. In the latter event it must be drawn to the court's attention in a motion for a new trial.

According to Rule 11, subsec. 4, of this Court, this Court will not consider errors not drawn to the attention of the trial court.

Grace v. Curley, 3 Tenn. App., 1; Tennessee Procedure by Higgins & Crownover, p. 1053, sec. 2600.

However, we think the question whether this request was a part of the technical record is immaterial for the reason that the plaintiff waived the finding.

"Under the rule that error is not to be presumed but must be affirmatively shown, where there are no findings in the record the appellate court cannot presume that findings were not waived, the necessary intendment in favor of the judgment being that findings were waived, unless the record affirmatively shows that there was no such waiver of findings as contemplated by the statute." 8 Standard Ency. of Procedure, 1075, 1076; 4 C. J., 775, secs. 2723, 2724; 5 C. J. S., Appeal and Error, sec. 1564; Greer v. Greer, 31 Cal. App. (2d), 39, 87 P. (2d) 388; Nashville Railroad v. Price, 125 Tenn., 646, 650, 148 S. W., 219.

This assignment must therefore be overruled.

2. We will therefore have to consider the facts of the case as set out in the bill of exceptions, which are as follows:

W. C. Fox bought 65 hogs from Will Tallent. The hogs were delivered on Friday night, March 13, 1936, and Fox gave Tallent his check on the Farmers Bank of Cornersville for $475.91 in payment for the same.

The next morning Fox discovered that most of the hogs were sick. He notified the Farmers Bank to stop payment on the check.

At nine o'clock on the same morning, Saturday, March 14, 1936, he went to see Horace Sherrell and told him that the hogs were sick and he had stopped payment on his check for same, and advised Sherrell to stop payment on the check given by him (Sherrell) and Tallent to the former owner of the hogs. It appears that Sherrell and Tallent, as partners, had bought these hogs from D. W. George and Tallent had sold them to Fox. It appears that Sherrell and Tallent stopped payment on their check, which had been drawn on the Union National Bank and was signed "Tallent & Sherrell by Will Tallent" and made payable to D. W. George.

Fifty of the sixty-five hogs died. Fox requested Sherrell to remove the remaining fifteen hogs from his premises, which Sherrell failed to do, and later Fox sold them.

Fox instituted suit against Tallent & Sherrell for damages and obtained a judgment in the Circuit Court for $499.99 which was appealed in error to the Court of Appeals.

Suit for the collection of this check ($478.41) was brought by Will Tallent against Fox in a justice's court, but later dismissed.

The Union National Bank instituted this suit against W. C. Fox for the collection of this check, on September 18, 1936.

S. N. Brown, vice-president of the Union National Bank, who was teller in that bank in 1936, testified that Jack Myers was the

note clerk in 1936 and is now dead. He testified that the bank's records showed that Will Tallent owed the bank a note for $600 dated March 7, 1936; that this check (signed by Fox and made payable to Tallent, for $475.91, dated March 13, 1936) was applied on the note and the balance paid in cash, on March 17, 1936; that the check was not honored by the Farmers Bank but was returned to the Union National Bank, on March 21, 1936, and carried by it as a cash item; that the check was filed in the Circuit Court of Giles County in another suit and the Bank required Tallent to give it a note for $478.41 in order to keep its records straight and to satisfy the bank examiner. He further testified that the Union National Bank was the owner and holder of this unpaid check, but admitted that he was testifying from the bank's records and not from his own knowledge.

W. D. Fox, a brother of the defendant W. C. Fox, and a bank officer (but not of the banks herein involved), testified that on March 24, 1936, Will Tallent brought this check to Lewisburg and instituted suit against W. C. Fox upon it; that that afternoon he, accompanied by Lee Moss, president of the First National Bank of Lewisburg, went to Fayetteville to try to find out whether the check belonged to Will Tallent, Tallent & Sherrell, or the Union National Bank; that he went to the Union National Bank and asked to see the check but it was not there; that he asked the president of said bank if he or his bank had sued W. C. Fox on this check and he made some investigation and said they had not; that the president said, "Horace Sherrell came in here and took that check up." He further testified that the assistant cashier of said bank got the books and showed him the note for $600 and he saw the credit for the amount of this check on the back of the $600 note, and asked said assistant cashier who put it there and he said that Horace Sherrell came in and told them to put it there; that the president, the vice president and the assistant cashier all said that Sherrell had taken this check up.

Lee Moss, president of the First National Bank of Lewisburg, testified that he went with W. D. Fox to the Union National Bank; that the president, assistant cashier and the note clerk Myers told them that they had no interest in this check and had not brought suit to collect it; that the check did not belong to the bank; that the note clerk and the assistant cashier showed them that there had been a note of Tallent's in the bank, on which Sherrell was surety, on which this check had been credited; that they told him and Fox that Sherrell afterward took the check up and took it out of the bank.

Noble Hill, a justice of the peace, testified that Will Tallent sued W. C. Fox in his court for the collection of this check, but later dismissed his suit.

The Union National Bank introduced H. E. Sherrell in rebuttal. He testified that W. C. Fox told him that he found that the hogs

were diseased the morning after they were delivered and told him he thought he would stop payment on the check; that later Tallent gave him the check and told him to apply it on the note, which he did. He denied that he took the check up.

Mr. Braly Craig, an attorney, testified that he instituted the suit of Tallent against Fox in the justice's court; that he didn't understand the facts when he brought suit, but was under the impression that Tallent owned the check; that he was not employed by the bank or Tallent; that the bank asked him to dismiss the suit, which he did.

The trial judge was of the opinion that the plaintiff Union National Bank had failed to make out its case against the defendant Fox and was not entitled to recover from the defendant the amount of said check as a matter of law.

The Bank could recover on the check only by showing that it was an innocent holder for value. And the burden was upon the Bank to show these facts. Elgin City Banking Company v. Hall, 119 Tenn., 548, 108 S. W., 1068; Furst & Furst v. Freels, 9 Tenn. App., 423, 436.

We are of the opinion that the plaintiff Bank has not successfully carried that burden. We think the check was not the property of the said Bank. It seems that at the start the amount of the check was credited on Tallent's note at the instance of Sherrell, but after the controversy arose Sherrell by agreement with the Bank withdrew the check and Tallent executed a new note to the Bank, which second note is held by the Bank, hence it is not the owner of said check.

It is insisted in argument that Fox sold the remaining 15 live hogs and had sued Tallent for damages and had obtained a judgment for $499.99 damages, and therefore he cannot resist payment of the check as he has had value received.

Ordinarily one cannot affirm a contract and disaffirm it at the same time, that is, if he takes action confirming a contract he will not be heard to repudiate it later. See 20 C. J., 14, sec. 10; Montlake Coal Co. v. Chattanooga Co., 137 Tenn., 440, 193 S. W., 1057; Grizzard v. Fite, 137 Tenn., 103, 191 S. W. 969, L. R. A., 1917D, 652.

None of the pleadings or record in that case were filed in this case, and it doesn't appear what that damage suit was about, as the evidence on the question is vague and indefinite. Counsel for one side insisted it was a damage suit for loss of the hogs, while counsel for the other party insisted it was for pollution of his premises. We cannot take judicial knowledge of the facts about another case tried in our Court. They must be proved as other facts. Hudson v. Shoulders, 22 Tenn. App., 301, 122 S. W. (2d), 817.

The question of election of remedies was not raised, and no assignment of error raised the question that Fox had been satisfied in the other suit.

It appears that this suit was instituted after that damage suit, but these questions were merely incidentally raised in the briefs in this case at bar. However, as we view it, the proposition about the bank's being a holder in due course is immaterial as the question in this case is whether the Bank owns this check and has a right of action. None of the bank officers who were familiar with the transaction testified in the case. They knew more about the facts than anybody, but failed to go on the witness stand. The trial judge held that the Bank did not own the check, and we agree with him.

A party may recover damages for the pollution of his farm by diseased hogs without recovering the value of the hogs. Tallent v. Fox (Tenn. App.), 141 S. W. (2d), 485, 500.

All of the assignments of errors being overruled, it results that the judgment of the lower court dismissing the plaintiff's suit is affirmed. The costs of the cause, including the costs of the appeal, are adjudged against the Union National Bank.

Felts, J., concurs.

Higgins, Special Judge, did not participate.